## IN THE CIRCUIT COURT FOR BALTIMORE COUNTY

KEVIN COLE                          *
974 ELTON AVENUE
BALTIMORE, MARYLAND                 *
21224

     PLAINTIFF            *

V                                   *   CIVIL ACTION NO.

SYSTEMS SPECIALIST                  *
FURNITURE INSTALLATIONS
INC.                                *
SERVE ON:
Sandra Peregoy                      *
9104 Swiven Place – Apt. 2A
Baltimore, Maryland 21237           *

and                                 *

Michael Peregoy                     *
9104 Swiven Place – Apt 2A
Baltimore, Maryland 21237           *

     DEFENDANTS           *

CCB07CV 426

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

Plaintiff Kevin Cole, by his attorneys, respectfully files this Complaint, asserting

that the Defendant Systems Specialist Furniture Installations, Inc. and Michael Peregoy

intentionally and willfully violated the wage-hour provisions of the Fair Labor Standards

Act 29 U.S.C. §201, et seq. and Maryland state law(s).

THE PLAINTIFFS

1.   Plaintiff Kevin Cole ["Plaintiff"] is an adult citizen and resides in

, Maryland.

2.  The Defendant Systems Specialist Furniture Installations Inc. ["Defendant"] employed Plaintiff as a driver and installer from May 28, 2001 through the September 6, 2006 in a full-time capacity.

3.  Defendant Peregoy is the owner of Systems Specialist Furniture Installations Inc.

4.  Plaintiff Cole was an "employee" of the Defendant within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(e), and a covered employee of the Maryland Wage and Hour Law, Md. Ann. Code, Labor & Employment, §§3-401,et seq. and the Maryland Wage Payment and Collection Law, Md. Ann. Code, Labor & Employment §§3-501, et seq.

**THE DEFENDANTS**

5.  Defendants Peregoy and System Specialists operates a warehouse in Baltimore County, Maryland.

6.  Defendants are an employer within the meaning of the term of the Fair Labor Standards Act, and the Maryland Wage and Hour Law, Md. Ann. Code, Labor & Employment, § 3-401(c) and Maryland Wage Payment and Collection Law, Md. Ann. Code, Labor and Employment §3-501(b).

7.  Defendant are subject to the provisions of the Fair Labor Standards Act.

**THE OWED OVERTIME AND UNPAID HOURS WORKED**

8.  As stated, the Defendants are an employer and person subject to the provisions of the Fair Labor Standards Act and Maryland wage-hour laws.

9.  Plaintiff is/was employed as for Defendant as a driver and installer of

furniture, parts and equipment. Plaintiff Cole was required to report to the warehouse at various early morning hours. and load equipment and furniture and transport various employee personnel to various customer job sites on behalf of Defendant and had to perform various tasks for Defendants' customers.that included using saws, hardware, box and transport furniture from the warehouse.

10. Plaintiff was required to frequently inspect the van to determine whether or not the van was safe to operate on major highways in Maryland, drive the van and return the van to Defendants' warehouse in Baltimore County the evening.

11. Plaintiff worked six days a week from November 2003 until September 2006.

12. Plaintiff was not paid for the time that he was required to return the vehicle each night to the warehouse from various designated customer job sites.

13. Plaintiff was not paid for the time that he was forced to spend at Defendant's warehouse from various early hours performing daily maintenance and inspections on the truck, placing tools and loading equipment and furniture for transportation on the van to various customer job sites.

14. Plaintiff was also docked if he arrived late for work in the morning based on partial day absences even though the company policy did not expressly permit docking for late arrivals.

15. At no time throughout his employment with Defendants did Plaintiff serve as a manager.

16. Plaintiff did not exercise independent judgment or discretion in connection with his work for Defendants .

17. Plaintiff did not set his own work schedule.

18. Plaintiff did not hire, fire, discipline or have any involvement in setting the terms and conditions of employment for any other employees.

19. Plaintiff was paid on an hourly basis. However, Plaintiff was not paid the required time and a half for all hours worked over 40 hours after August 10, 2005 during the period of his employment with Defendant or from November 2003 through August 2004 including the time in the morning when he had to load furniture, equipment and when he performed daily inspections and maintenance on his vehicle and returning the company van each night to the Baltimore County Maryland facility.

20. Defendants refused to pay Plaintiff for the required time and overtime pay and pay for all hours worked.

21. Plaintiff is entitled to all of his wages for all hours worked and all overtime hours paid at the required overtime rate.

22. Defendants' violations of federal and state wage-hour laws and/were willful and accomplished with Defendants' knowledge that their actions violate the law. There is no dispute that the Plaintiff is owed overtime and unpaid wages from the Defendant 's unlawful conduct.

23. There are employees similarly situated to Plaintiff who also have not been paid for all hours worked and overtime hours and worked in excess of 40 hours in a work week or for all hours worked including the time that they had to return company vans to Defendants' warehouse.

24. Defendants have long engaged in this unlawful course of conduct against its

employees including non-payment of wages for loading equipment, furniture in the morning at the Defendants' warehouse and returning company vans back to the Defendants' warehouse. The same unlawful practices have caused similarly situated employees not to be paid compensation and overtime compensation. Hence, these similarly situated employees are owed compensation just like the Plaintiff.

25. Defendants' violations have harmed other employees also are/were willful and accomplished with Defendants' knowledge that their conduct was unlawful. Plaintiff believes that Defendants' violations are on-going even after the time that he brought the unlawful practice to the attention of Defendants' attention.

25. This action is brought individually on behalf of the named Plaintiff and collectively on behalf of all employees whom have been wrongfully denied compensation for all hours worked and overtime compensation from the Defendant in accordance with the Fair Labor Standards Act, and whom have suffered monetary losses from the Defendants' unlawful conduct.

26. Defendants have failed to and long refused to cure and remedy its known unlawful conduct.

27. All adversely affected employees were denied compensation and overtime for wages for all hours worked as a result of Defendants' established pay policies.

28: All adversely affected employees were denied overtime and wages not paid overtime and wages for all hours worked as a result of the same pay policy of the Defendants.

29. Defendants' pay policy that resulted in nonpayment of wages and/of overtime and for wages worked affected numerous employees.

5

CLASS ACTION STATUS ON MARYLAND STATE LAW CLAIMS

30. The class of plaintiffs in this case is so numerous that joinder of all members is impracticable.

31. There are common questions of law and/or fact common to the class.

32. The claims or defenses of the representative parties are typical of the claims and defenses of the class.

33. The Plaintiff in this case will fairly and adequately represent protect the interests of the class.

## LEGAL CLAIMS

### COUNT I – VIOLATIONS OF MARYLAND WAGE AND HOUR LAWS, FAILURE TO PAY OVERTIME

34. All allegations of this Complaint are incorporated fully in this Count.

35. Defendants violated Maryland Wage and Hour Law, Md. Ann. Code, Labor & Employment, §3-415 by not paying Plaintiff the required overtime for both the inspection and maintenance of its vehicles and returning its truck to its Baltimore County facility each night.

36. Defendants' violations were willful violations of the Act. There is no bona fide dispute that the Plaintiffs are owed the compensation.

37. The Count should be certified as a class action.

Relief requested – Plaintiffs request that: (a) Defendants be ordered to pay Plaintiff for all overtime hours worked since August 10, 2005 for driving and all hours for installation work in excess of forty (40) hours per week in 2003 up to September 2004; (b) treble damages be assessed against the Defendants; (c) Plaintiffs be awarded pre- and post-

judgment interest; and (d) Plaintiffs be awarded their attorney fees and costs; (e) the Court

grant class action status on this count.

## COUNT II – VIOLATIONS OF MARYLAND WAGE PAYMENT AND COLLECTION LAW, FAILURE TO PAY WAGES FOR ALL HOURS WORKED

38.  All allegations of this Complaint are incorporated fully in this Count.

39.  Plaintiff is entitled to be compensated for all hours worked, under the

Maryland Wage Payment and Collection Law, Labor and Employment §§3-501 et. seq.

40. Defendants' actions in failing to pay wages for all hours worked were willful

violations of the Maryland Wage Payment and Collection Law.

41. Plaintiff has made demands for wages owed both orally and in writing.

Defendants refused and still refuse to pay all of the wages owing to Plaintiff.

42. There is no bona fide dispute as to the wages and benefits owed or deductions

made by Defendants.

43. This Count should be certified as a class action.

Relief requested - Pursuant to the Maryland Wage Payment and Collection Law,

Md. Ann. Code, Labor & Employment § 3-507.1, Plaintiffs demands judgment against

Defendants and request that: (a) the Court award their wages owed; (b) treble damages be

assessed against the Defendants ; (c) Plaintiffs be awarded pre- and post-judgment

interest; (d) Plaintiffs be awarded their costs and attorney's fees.

## COUNT III – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, FAILURE TO PAY OVERTIME

44.  All allegations of this Complaint are incorporated fully in this Count.

45.  Plaintiff and all other similarly situated employees are entitled to

overtime pay under the Fair Labor Standards Act, 29 U.S.C. §§ 206-207.

46. Defendants violated the provision of the Fair Labor Standards Act by failing and refusing in a willful and intentional manner to pay Plaintiff all overtime compensation due to him under the FLSA and its implementing regulations.

47. This Count is asserted individually on behalf of the named Plaintiff. In addition, collective action status is sought on this Count.

Relief requested – Plaintiff requests that: (a) Defendants be ordered to pay Plaintiff for all hours worked; (b) liquidated damages be assessed against the Defendants ; (c) Plaintiff be awarded pre- and post-judgment interest; (d) this action be designated as a collective action for all similarly situated employees to opt-in and for the required notice to be issued to the current and former employees; (e) the instant count be certified as a class action and (e) Plaintiffs be awarded their attorney fees and costs.

## COUNT IV - VIOLATIONS OF THE FAIR LABOR STANDARDS ACT - FAILURE TO PAY WAGES FOR ALL HOURS WORKED

48. All allegations of this Complaint are incorporated fully in this Count.

49. Plaintiffs are entitled to be compensated for all hours worked, under the Fair Labor Standards Act.

50. Defendants' actions in failing to pay wages for all hours worked are willful violations of the Fair Labor Standards Act.

51. This Count is asserted individually on behalf of the named Plaintiff. In addition, collective action status is sought on this Count.

Relief requested – Plaintiffs request that: (a) Defendants be ordered to pay Plaintiff for all hours worked; (b) liquidated damages be assessed against the Defendants ; (c) Plaintiff be awarded pre- and post-judgment interest; (d) this action be designated as a collective action for all similarly situated employees to opt-in and for the required

notice to be issued to the current and former employees; (e) the instant count be certified

for class action purposes and (e) Plaintiff be awarded their attorney fees and costs.


Respectfully submitted,


Richard P. Neuworth (Bar # 01052)
LEBAU & NEUWORTH, LLC
606 Baltimore Avenue – Suite 201
Baltimore, Maryland 21204
tel. 410.296.3030
Fax. 410.296.8660


## REQUEST FOR JURY TRIAL


Plaintiffs request that a jury of his peers hear and decide all possible claims.


Richard Neuworth

9